UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on November 18, 2022**

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. _____ |
| v. | : |
| BENJAMIN SOTO JR., also known as "Benji," | : 21 U.S.C. §§ 952(a), 960(b)(1)(B)(ii), 960(b)(1)(F), 960(b)(1)(H), and 963 (Conspiracy to Import Five |
| REFUGIO VERONICA QUINTERO MORENO, | : Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, and 400 Grams or More of Fentanyl |
| and | : into the United States) |
| ANGEL ADAN VALENZUELA, | : 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vi), |
| Defendants. | : and 841(b)(1)(A)(viii), and 846 (Conspiracy to Distribute and Possess with Intent to Distribute Ritalin, Five Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, and 400 Grams or More of Fentanyl) |
| | : 21 U.S.C. §§ 853 and 970 (Forfeiture Allegation) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

From in or around January 1, 2020, and continuing thereafter, up to and including April 6, 2022, the exact dates being unknown to the Grand Jury, in the country of Mexico, the State of Arizona, the District of Columbia, and elsewhere, the defendants, **BENJAMIN SOTO JR., also known as "Benji," REFUGIO VERONICA QUINTERO MORENO, and ANGEL ADAN VALENZUELA,**

with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to knowingly, intentionally, and unlawfully import: (A) five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; (B) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and (C) 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

With respect to each defendant, the controlled substances involved in the conspiracy attributable to him or her as a result of his or her own conduct, and the conduct of other conspirators reasonably foreseeable to him or her is: (A) five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii); (B) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 960(b)(1)(H); and (C) 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), in violation of Title 21, United States Code, Section 960(b)(1)(F).

>(Conspiracy to Import Five Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, and 400 Grams or More of Fentanyl into the United States, in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(B)(ii), 960(b)(1)(F), 960(b)(1)(H), and 963.)

## COUNT TWO

From in or around January 1, 2020, and continuing thereafter, up to and including April 6, 2022, the exact dates being unknown to the Grand Jury, in the country of Mexico, the State of Arizona, the District of Columbia, and elsewhere, the defendants, **BENJAMIN SOTO JR., also known as "Benji," REFUGIO VERONICA QUINTERO MORENO, and ANGEL ADAN VALENZUELA,** with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to knowingly and intentionally distribute and possess with intent to distribute: (A) methylphenidate (Ritalin); (B) five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; (C) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and (D) 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

With respect to each defendant, the controlled substances involved in the conspiracy attributable to him or her as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him or her is: (A) five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii)(II); (B) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii); and (C) 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), in violation of

Title 21, United States Code, Section 841(b)(1)(A)(vi).

(Conspiracy to Distribute and Possess with Intent to Distribute Ritalin, Five Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, and 400 Grams or More of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vi), 841(b)(1)(A)(viii), and 846.)

## FORFEITURE ALLEGATION

The United States hereby gives notice to the defendants that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Section 853, of all property constituting or derived from any proceeds the defendants obtained directly or indirectly as the result of the alleged Title 21 violations, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of, such offense; and, upon conviction of the Title 21 offense alleged in Count Two of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the defendants obtained directly or indirectly as the result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of, such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to the value of the above forfeitable property.

A TRUE BILL:

_____
Foreperson

*[signature]*, Marlon Cobar, FOR:

_____
ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530

By: *[signature]*

SAMANTHA THOMPSON
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 532-4466